**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**CASEY WOODS**                                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:11-cv-460-DPJ-FKB**

**CHRISTOPHER EPPS, ET AL.**                                                  **DEFENDANTS**

<u>**ORDER**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Woods was an inmate of the Mississippi Department of Corrections (MDOC) when he filed

filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff was granted *in forma*

*pauperis* status prior to his release from incarceration.[1]  The named Defendants are

Christopher Epps, Commissioner of MDOC;  and the Mississippi Department of Corrections.

Upon liberal review of the Complaint and subsequent pleadings, the Court has reached the

following conclusions.

**I.       Background**

On October 20, 2009, while incarcerated within the MDOC, Plaintiff was found guilty of

a rule violation report for "possession of major contraband -electronic devices or parts."  Compl.

at 2.  As a result, Plaintiff lost 180 days of "earned time" sentence credits.[2]  Plaintiff claims that

he was serving a mandatory sentence in 2009, thus he was not receiving earned time and

---

[1] Plaintiff was granted pauper status on August 17, 2011, and according to the Plaintiff, he was released from incarceration on December 14, 2011.

[2] Plaintiff also states that as punishment he was placed in segregation for 20 days, his classification level was reduced and his visitation and canteen usage was limited.  Plaintiff only asserts complaints regarding the loss of earned time in this case.

essentially this punishment caused him to serve an additional 180 days of imprisonment.[3]
Plaintiff seeks immediate release from incarceration and monetary damages as relief.

## II.    Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success."  *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Woods to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).[4]

### A.  Release from incarceration

Initially, the Court notes that Plaintiff's request for release from incarceration is properly sought in a habeas corpus action and not a civil rights complaint pursuant to § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration).  With that said, the Court finds that a habeas petition seeking the restoration of sentence credits to a term of

_____

[3]Plaintiff states that starting in 1993, he began serving a non-mandatory 7-year term of imprisonment which he completed, with the benefit of earned time credits, in June of 1996.  Plaintiff maintains that at that time, he began serving a consecutive 15- year term of imprisonment for a subsequent conviction as a habitual offender, which is a mandatory sentence.

[4]Plaintiff's release from incarceration during the pendency of this case does not effect the Court's ability to dismiss this case under § 1915(e)(2).  *See, e.g.*, *Hoffman v. Stulga*, 464 F. App'x 229 (5th Cir. 2011)(affirming dismissal of former prisoner's § 1983 complaint under § 1915(e)(2)).

imprisonment that has been completed is moot.  *See Bailey v. Southerland*, 821 F.2d 277, 278

(5th Cir. 1987) (holding prisoner's appeal from the denial of a habeas petition challenging

prison disciplinary infraction which sought restoration of good-time credits was moot after

petitioner's release).  In order to defeat mootness, Plaintiff must show that he will be subject

to a future adverse consequence as a result of the disciplinary action.  *Id.*  Plaintiff has made

no such showing.  *See Watkins v. Vasquez*, 451 F. App'x 429, 430 (5th Cir. 2011) (holding

prisoner's need for a favorable habeas decision invalidating his prison disciplinary conviction in

order to pursue a civil rights action for damages is not sufficient to defeat mootness); *see also*

*Adair v. Dretke,* 150 F. App'x 329, 331 (5th Cir. 2005)(dismissing appeal as moot that

sought reversal of an order reinstating good-time credits finding such relief  "would have no

effect on either party" after the prisoner's release).  Thus, Plaintiff's request for release from

incarceration is denied as moot.

**B.  Request for monetary damages**

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's

damages claim.  In order to recover damages for unconstitutional imprisonment that would

necessarily imply the invalidity of an inmate's sentence, he must demonstrate that the conviction

or sentence has previously been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The *Heck* doctrine applies to § 1983 claims by state prisoners challenging the validity of

disciplinary actions and the loss of good-time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 648

(1997).  In *Balisok*, the Court found a prisoner's claims for declaratory relief and money damages

based on alleged defects in his disciplinary process to be barred by the *Heck* doctrine because

such claims would "necessarily imply the invalidity of the punishment imposed."  *Id.*  If the

3

Court were to find in Plaintiff's favor and determine that his punishment from a prison disciplinary action was invalid, it would "necessarily imply the invalidity of the punishment imposed." *Id.* Plaintiff's disciplinary action and resulting punishment have not been invalidated.[5] Furthermore, the Court notes that *Heck's* favorable termination rule applies to Plaintiffs that are no longer in custody and unable to file a habeas petition. *See Thomas v. La., Dep't of Soc. Servs.,* 406 F. App'x 890, 898 (5th Cir. 2010)(citing *Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000)). For the same reasons set forth in *Balisok*, Plaintiff's claim for damages is not cognizable under § 1983 at this time.

### III.    Conclusion

As discussed above, Plaintiff's request for release from incarceration is denied as moot. Plaintiff's request for monetary damages is dismissed with prejudice, as legally frivolous until the *Heck* conditions are met. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding *Heck* barred claims are properly dismissed with prejudice).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5]Plaintiff was ordered to specifically state if his rule violation report had been invalidated by any of the means set forth in *Heck*. *See* Order [ECF No. 8]; Resp. [ECF No. 9].

4